328 P.2d 724

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Jack KEELEY, Defendant and Appellant.**

**No. 8828.**

Supreme Court of Utah.

July 14, 1958.

M. Ralph Shaffer, Salt Lake City, for appellant.

E. R. Callister, Atty. Gen., Gary L. Theurer, Asst. Atty. Gen., for respondent.

WORTHEN, Justice.

Jack Keeley was convicted of the crime of assault with intent to commit rape, an included offense within the crime of attempted rape, charged in the information. He appeals, alleging error by the trial court as follows:

(1) In permitting Mr. Egginton, an employee of the Salt Lake City School System, to sit beside the prosecuting witness while she testified, and

(2) In refusing to allow testimony by defendant relating to a phone call received by him from the mother of a girl friend of the prosecuting witness on the ground that no foundation had been laid for impeachment of the testimony of the prosecutrix.

The victim of the claimed assault was the ten year old stepdaughter of the defendant. She was the only witness for the state except for the testimony of her school teacher given at the preliminary hearing and read into the record. The defendant was the only witness for the defense.

As to the first assignment of error, we are of the opinion that it was within the discretion of the trial court to permit Mr. Egginton, the first person to whom she reported the assault, to sit near her while she was testifying. The court probably felt and we think properly that the presence of the school officer might help her to feel

less alone and remove to some degree the strangeness of the witness seat. The record fails to disclose that the child was influenced or coached in any way by Mr. Egginton; in fact, the court admonished Mr. Egginton to neither talk to her nor make any indication as to answers to be given.

Counsel for the state contends that defendant waived his objection to the court's order by his tacitly agreeing to the same. The record on that point discloses:

"Mr. Ronnow: I will have Mr. Don Egginton, an employee of the Salt Lake City School system to stand by her, or sit by her on the witness stand.

"Mr. Barclay: I object to that. I object to him even being in the court.

"The Court: I am going to permit the man to sit over here with the understanding he will say nothing to the child or make no indication as to any answers that are to be given, merely for that purpose and because of the child's age.

"Mr. Barclay: All right, your Honor."

■ We do not consider that an indication by defense counsel that he understood the court's ruling and his observing the same with courtesy should be deemed to constitute a waiver of the objection which he had made. However, we are of the opinion that the court committed no error in allowing Mr. Egginton to sit near the child.

■ As to the second assignment, we are also of the opinion that the court committed no error. Defense counsel was allowed to explore fully the instances in which it was claimed the little girl had fibbed. Defendant testified that she had promised to give a pony to each of several schoolmates and defense counsel was allowed to show that neither she nor her folks had any ponies and was also allowed to question defendant fully about the entire episode of a birthday party which was not held and which was not planned at home. However, the court did not permit the defendant to relate hearsay telephone conversations with a third person about the party to which the little girl had invited friends when no party was scheduled. The record discloses that the trial court allowed great latitude to defense counsel in showing that the prosecuting witness had gone far from the facts in other matters.

We believe that the trial court sensed the disadvantage at which defendant was placed, with such an adversary. The court instructed the jury favorably to the defendant, as follows:

"I instruct you that the accusation made against this defendant is one easy to make and hard to defend against. Consequently it is your duty

to examine the evidence given by Ruth Marie Base, also known as Ruth Marie Keeley, with care and caution and give it such weight and credence as you believe the testimony of the witness is entitled to under all the facts and circumstances of the case."

It is evident from the verdict that the jury believed the little girl's testimony.

Judgment affirmed.

McDONOUGH, C. J., and CROCKETT, WADE and HENRIOD, JJ., concur.