THE STATE OF OHIO, APPELLEE, *v.* JOHNSON, APPELLANT.

(No. CA-6775—Decided June 9, 1986.)

*Robert D. Horowitz,* prosecuting attorney, and *Paul A. Mastriacovo,* for appellee.

*Charles D. Hall III,* for appellant.

MILLIGAN, J. The defendant-appellant was convicted of rape, R.C. 2907.02, by a Stark County common pleas court jury. The court sentenced appellant to ten to twenty-five years in the state penitentiary at Lucasville.

The appellant assigns two errors:

"Assignment of Error No. I

"The trial judge erred in admitting the testimony of an incompetent witness in violation of Wade Terrell Johnson's Sixth and Fourteenth Amendment rights under the Constitution of the United States of America and Article I, Section 10 of the Constitution of the state of Ohio.

"Assignment of Error No. II

"The trial judge erred in permitting assistance and encouragement to a minor witness in violation of Wade Terrell Johnson's Sixth and Fourteenth Amendment rights under the Constitution of the United States of America and Article I, Section 10 of the Constitution of the state of Ohio."

Appellant was convicted of rape of his seven-year-old stepdaughter on March 14, 1985.

The trial court conducted an extensive pretrial hearing on appellant's motion to suppress the child's testimony.

The court overruled the motion to suppress and found the child competent to testify.

The child, eight years old at the time of the trial, was the state's first witness. Over objection of the appellant, the child testified while sitting upon the lap of her aunt, the sister of the child's mother. (The trial court, in another pretrial hearing, granted the state's request to permit the child to testify in this manner.)

I

The gist of the first assignment of error is that permitting the child to testify from the lap of her aunt fractured the previous finding of competence and amounted to an acknowledgment by the trial court that the witness was not competent to testify in the jury trial. He argues that the child's testimony could not be "free and voluntary, nor free from coercion or encouragement by the adult aunt."

Appellant argues that the procedure denies him rights secured under the Sixth Amendment to the United States Constitution, which provides in part:

"In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him[.]* * *"

The trial court wrestled with this issue. The court concluded, *inter alia:*

"In this particular case in the pretrial hearing the court took note of the demeanor and the appearance of the alleged victim in this case on the witness stand and was able to form from her appearance and her demeanor what appeared to be a state of mind in which she was either frightened or embarrassed substantially and with what appeared to be a decided reluctance to speak concerning the matter at issue.

"The court is mindful of the risk which has just been enunciated by defense counsel with respect to a situation in which a child of tender years could be perhaps indirectly coerced or at least influenced by virtue of having someone with whom she is familiar with her at the time that she offers testimony * * * and in balancing these interests which rub off on the complete and total right under the Sixth Amendment right of the defendant to confront the witness in a way in which the child of tender years who is the witness is free from influence by outside sources in any way whatsoever or sources of any kind.

"In balancing these interests the court has determined in this particular case that the interests of society outweigh the concerns enunciated by the defense.* * *"

The issue of witness competence is now governed by the Ohio Rules of Evidence, specifically Evid. R. 601:

"Every person is competent to be a witness except:

"(A) Those of unsound mind, and children under ten (10) years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly* * *[.]"

Evid. R. 601(A) is a replication of R.C. 2317.01 and applies in criminal and civil cases. See R.C. 2945.41, and Staff Note to Evid. R. 601(A).

The qualification upon competency of children under ten years of age *requires* a preliminary examination by the trial judge addressing both the witness' comprehension of the obligation to tell the truth and the witness' intellectual capacity of observation, recollection and communication. *State* v. *Workman* (1984), 14 Ohio App. 3d 385, 14 OBR 490, 471 N.E. 2d 853; *State* v. *Lee* (1983), 9 Ohio App. 3d 282, 9 OBR 497, 459 N.E. 2d 910.

A determination of competency by the trial judge may not be disturbed on appeal absent a clear abuse of discretion. *Workman, supra.*

In addition to the responsibility to determine competency of the infant-witness, the court is also invested with discretion in the mode of interrogating witnesses and presenting evidence. Evid. R. 611 (mode and order of interrogation and presentation) provides in part:

"(A) Controlled by court. The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment."

The "control rule" is identical to Fed. R. Evid. 611(a) and consistent with prior Ohio case law. See Staff Note to Evid. R. 611. The trial judge is given broad discretion under Evid. R. 611, and his ruling will not be disturbed in the absence of a showing of abuse of discretion. See, *e.g., United States* v. *DeLuna* (C.A. 8, 1985), 763 F. 2d 897; *Ross* v. *State* (Del. 1984), 482 A. 2d 727, certiorari denied (1985), 469 U.S. 1194; *State* v. *Mitchell* (1983), 234 Kan. 185, 672 P. 2d 1. See, also, *State* v. *Bowling* (June 28, 1985), Sandusky App. No. S-84-29, unreported.

In the case *sub judice,* the trial judge did what he was not only authorized, but required, to do. He made a decision to exercise reasonable control over the mode of interrogating the infant-witness with a view to making the interrogation and presentation effective for the ascertainment of truth while protecting the witness from undue embarrassment. The trial judge claims he struck a balance between the goals of Evid. R. 611(A) and the constitutional right of confrontation. We agree.

We find neither a constitutional violation nor an abuse of discretion by the trial court in allowing the eight-year-old witness to sit on the lap of a relative during the presentation of testimony.

Although this infant-witness testimony procedure is an issue of first impression in Ohio, the Supreme Court of Montana has concluded that allowing the child victim to sit on the prosecuting attorney's lap while testifying was not prejudicial error. (Montana's Evid. R. 611 is the same as Ohio Evid. R. 611.) The court observed:

"Pursuant to this rule, the trial court was well within its discretion in allowing Lanny [a four year old] to sit on the prosecuting attorney's lap. That posture assisted in directing Lanny's attention to the questioning and provided comfort to her during a difficult

and unfamiliar experience." *State* v. *Rogers* (Mont. 1984), 692 P. 2d 2, 5.

Other courts have permitted a variety of methods to facilitate the presentation of the testimony of the child-victim-witness in cases of sexual assault or abuse. One such court permitted the nine-year-old rape victim to walk to the defense table to point out the defendant in lieu of orally identifying him. *State* v. *Gray* (La. 1977), 351 So. 2d 448. Another court excluded "all persons except defendant and his family, his attorney, defense witnesses, the assistant district attorney, the state's witnesses, officers of the court, the members of the jury, and the members of the child's family." *State* v. *Burney* (1981), 302 N.C. 529, 533-534, 276 S.E. 2d 693, 696. A California Court of Appeals has held it is not constitutionally improper, at an initial proceeding, for a magistrate to have the eight-year-old victim, who is too embarrassed to articulate aloud, whisper answers to him so he could state them on the record. *Parisi* v. *Superior Court* (Cal. App. 1983), 192 Cal. Rptr. 486. Finally, a Texas Court has held that a four-year-old sexual assault victim was competent to testify through means of a videotape. *Alexander* v. *State* (Tex. App. 1985), 692 S.W. 2d 563. But, see, *Hochheiser* v. *Superior Court* (1984), 161 Cal. App. 3d 777, 208 Cal. Rptr. 273 (alleged minor victims of lewd conduct may not be allowed to testify at trial by closed-circuit television); and, see, *State* v. *R. W.* (1985), 200 N.J. Super. 560, 491 A. 2d 1304 (rewarding the child-witness with ice cream and lollipops in the presence of the jury for giving real as opposed to pretend testimony was prejudicial error).

The first assignment of error is overruled.

## II

In his second assignment of error, appellant alleges that separately, and collectively, the prosecutor, the court reporter and the trial judge violated appellant's Sixth and Fourteenth Amendment rights by asserting and encouraging the minor witness.

Appellant acknowledges that following a determination of competency, the court does not abuse its discretion in allowing the state to ask leading questions on direct examination. *State* v. *Holt* (1969), 17 Ohio St. 2d 81, 46 O.O. 2d 408, 246 N.E. 2d 365. Appellant argues that although the witness responded directly to collateral questions, she became exceedingly reluctant to answer questions concerning the allegations of rape. The prosecutor asked increasingly leading and repetitive questions, encouraging her to answer and speak to the court reporter. Ultimately, she answered "yes" to the question of whether the appellant "got on top of you." Then she balked at answering what he did after he got on top of her. Finally, the court advised that it would permit the question "one more time." The witness answered the question by saying, "hurt." Later, she replied "hurt in between my legs."

We find no authority, nor does appellant provide any, for the proposition that the conduct of the prosecutor under these circumstances in any way violates the appellant's constitutional rights. The court acted well within its discretion in overruling the objections and controlling, as it did, the mode of presentation of testimony.

The court reporter has inserted a plethora of subjective comments upon her observations of what was happening during the testimony of this witness. After being encouraged to answer questions directly to the female court reporter, the transcript recites:

"NOTE: The reporter leaned up in her chair out toward the witness. The

witness gave a sob. She paused, took a deep breath* * *.

"NOTE: The witness took a deep breath, the reporter leaned out toward her and smiled at her in encouragement."

Although highly unusual, we find nothing in the record (as expanded by the court reporter) suggesting that such court reporter coerced or intimidated the witness, or acted in any way tending to cause the witness to give untrue testimony.

We also do not find any error in the court's requesting the court reporter to repeat an answer of the infant-witness so that the jury could clearly hear the answer. Cf. *Parisi, supra.*

Finally, appellant alleges that the trial judge, in allowing the witness to sit on the lap of her aunt, "created a situation in which the juvenile's aunt was able to assist and encourage the juvenile in responding to the prosecutor's repetitive leading question[s]."

Although the record is replete with explanations of touching and rubbing of the witness by the aunt during her testimony, there is no suggestion that the aunt was in any way controlling the responses that the witness gave.

In the context of the appellant's failure to move for a mistrial at any stage in these proceedings about which he now complains, we are constrained to observe that such failure may well be a trial tactic for which he may not now claim prejudicial error. See, generally, 27 Ohio Jurisprudence 3d (1981), Criminal Law, Section 868.

The perceived need of the witness to sit on the lap of the aunt, her reluctance to answer direct questions, the need for leading questions to elicit answers and the demeanor of the infant-witness, all could be construed by a jury as diminishing, rather than extending, the credibility of the witness.

In that sense, trial counsel elected to roll the dice in the hope that the jury might render a response on the issue of credibility favorable to appellant.

We overrule the second assignment of error.

The judgment of the Stark County Court of Common Pleas is affirmed.

*Judgment affirmed.*

WISE, J., concurs.

PUTMAN, P.J., concurs separately.

PUTMAN, P.J., concurring. No claim was made at trial that the totality of the circumstances conveyed to the jury the impression that the trial judge was of the opinion that the prosecuting witness was telling the truth.

The absence of a defense motion for mistrial suggests that if such an appearance existed, it did not "register" with defense counsel.