(846 P.2d 255)

No. 67,428

STATE OF KANSAS, *Appellee*, v. CLIFFORD E. HOOD, *Appellant*.

Opinion filed February 5, 1993.

*J. Patrick Lawless, Jr.*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*David Lowden*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before LEWIS, P.J., PIERRON, J., and JOHN C. GARIGLIETTI, District Judge, assigned.

LEWIS, J.: Defendant appeals his conviction of aggravated incest. Our review of the record discloses no reversible error, and we affirm.

Factually, defendant was convicted of aggravated incest with his seven-year-old daughter. The daughter first indicated to her school principal that defendant had touched her inappropriately. The principal reported this information to the authorities and an investigation ensued. Ultimately, defendant was charged with and convicted of the crime described.

The facts are not pleasant, but some understanding of these facts is required. The child's testimony was conflicting. At times, she insisted that she had not been touched in an inappropriate place or manner. On other occasions, her testimony indicated that her father had touched her inappropriately. Some of the child's testimony was illustrated by the use of anatomically correct dolls.

The most compelling testimony as to the guilt of defendant came from his own statements. An agent of the Kansas Bureau of Investigation testified that defendant admitted inappropriately touching his daughter on at least three occasions. A Wichita Police Department detective gave testimony of a similar nature.

Defendant, at trial, admitted making the admissions, but recanted them, indicating they were not true. Defendant testified that he made the admissions to the KBI agent and the police officer, not because they were true, but in order to get into a diversion program.

This case was tried to the trial court, which indicated it did not believe defendant's testimony. Accordingly, the trial court rendered a verdict of guilty, from which defendant appeals.

## ANATOMICALLY CORRECT DOLLS

Defendant objects to the use of anatomically correct dolls during the testimony of D.H., the seven-year-old victim.

Our research reveals no prior Kansas appellate decisions dealing with the use and/or admissibility of anatomically correct dolls. The use of anatomically correct dolls in the trial of sex crimes involving young victims is in apparent widespread use in this state. We note several appellate decisions in which the opinion indicates that an anatomically correct doll or drawing was used to illustrate the testimony of a victimized child. See, e.g., *State v. Schad*, 247 Kan. 242, 243, 795 P.2d 406 (1990); *State v. Wilson*, 247 Kan. 87, 88, 795 P.2d 336 (1990); *State v. Moppin*, 245 Kan. 639, 640-41, 783 P.2d 878 (1989); *State v. Wade*, 244 Kan. 136, 143, 766 P.2d 811 (1989). In none of these decisions is the admissibility or use of an anatomically correct doll specifically raised to the appellate court. As a result, we consider the issue raised to be one of first impression.

We hold what appears to be obvious: The use of an anatomically correct doll or drawing to aid or illustrate testimony of a young victim of a sex crime is permissible in Kansas, subject to proper foundation and proof of relevance. This holding is in accord with decisions of sister states on the subject. In *State v. Fletcher*, 322 N.C. 415, 421, 368 S.E.2d 633 (1988), the court, in discussing the issue of the use of an anatomically correct doll as demonstrative evidence, said: "The practice is wholly consistent with

existing rules governing the use of photographs and other items to illustrate testimony." See *State v. Eggert,* 358 N.W.2d 156, 161 (Minn. App. 1984); *Williams v. State,* 539 So. 2d 1049, 1050 (Miss. 1989).

In Kansas, photographs and other types of demonstrative evidence have long been admissible, subject to the discretion of the trial court.

"Still photographs and motion pictures, if shown to be a likeness of what they purport to represent, are, in the discretion of the trial court, admissible in evidence as aids to the trier of fact in arriving at an understanding of the evidence, the location or condition of an object, or the circumstances of an accident when any such matter is relevant." *Howard v. Stoughton,* 199 Kan. 787, Syl. ¶ 1, 433 P.2d 567 (1967).

"Maps, diagrams or drawings, if shown to be reasonably accurate are used in everyday practice in courts and are acceptable in aiding a jury to visualize objects and scenes relevant to the action." *Nelson v. Hardesty,* 205 Kan. 112, 116, 468 P.2d 173 (1970).

"That photographs accurately portraying what they purport to show are admissible in evidence is universally recognized and needs no further discussion. It is only when photographs are distorted, inaccurate, or are otherwise unfair, that they are objectionable. Ordinarily the admissibility of photographs rests within the sound discretion of the trial court. [Citations omitted.]" *Ellis v. City of Kansas City,* 225 Kan. 168, 175, 589 P.2d 552 (1979).

We hold that the use of and/or admissibility of an anatomically correct doll as an aid to the jury or as an aid to the testimony of a young witness certainly falls within the parameters of the rules set forth above. If a proper foundation is made, and the need or relevance of the evidence is shown, the question of admissibility is one addressed to the sound discretion of the trial court. Abuse of discretion occurs only when no reasonable person would agree with the trial court. *Hoffman v. Haug,* 242 Kan. 867, 873, 752 P.2d 124 (1988). The record in the instant matter does not show that the trial court abused its discretion in permitting the use of an anatomically correct doll during the testimony of D.H.

Defendant in this case goes on to argue that the use of the dolls was not needed, was suggestive, and assumed facts not in

evidence. We have examined the record and find that all of these issues were directed to the sound discretion of the trial court. We have already concluded that no abuse of discretion is shown. The record shows that the dolls were used to aid in obtaining testimony from the young victim in this case. Defendant's argument is without merit.

In addition to what we have indicated above, we are also unable to perceive that defendant was prejudiced in any substantial manner by the use of the anatomically correct dolls. There is an abundance of evidence in the record to support the verdict of guilty, not the least of which are the admissions made by defendant himself. Even assuming defendant's argument was correct, any error in the use of the dolls in this case was harmless only.

## SUFFICIENCY OF THE EVIDENCE

Defendant next argues that there was insufficient evidence to support the trial court's conclusion that defendant was guilty of aggravated incest.

"When the sufficiency of the evidence is challenged, the standard of review on appeal is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. [Citation omitted.]" *State v. Graham,* 247 Kan. 388, 398, 799 P.2d 1003 (1990).

We have carefully reviewed this record in the manner indicated in the quotation set forth above. Viewing the evidence in the light most favorable to the prosecution, we conclude that the evidence was sufficient to sustain the trial court's finding of guilt. We hold that a rational factfinder could have found defendant guilty beyond a reasonable doubt based upon the evidence contained in the record on appeal.

Affirmed.