(860 P.2d 40)

No. 68,148

STATE OF KANSAS, *Appellee*, v. JAMES R. ROWRAY, *Appellant*.

Petition for review denied 254 Kan. ___ (December 23, 1993).

Opinion filed September 17, 1993.

*Julie A. Gorenc*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Charles R. Reimer* and *David Lowden*, assistant district attorneys, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRISCOE, C.J., LARSON and GERNON, JJ.

LARSON, J.: James R. Rowray appeals his convictions by a jury of four counts of indecent liberties with a child, K.S.A. 21-3503, class C felonies, and one count of aggravated sexual battery, K.S.A. 21-3518, a class D felony.

The facts will be discussed in more detail in considering Rowray's sufficiency of the evidence and failure to instruct arguments. Only a limited factual background is necessary to set the stage for Rowray's first argument.

*Location of parent during testimony of minor children*

W.A.J., age eight, and A.J., age six, testified at trial that Row-

ray improperly touched them and made improper sexual advances toward them. Each testified with their mother seated in close proximity, slightly behind and to their left. A general objection was made but overruled as to the mother's presence, with the trial court stating it would be permitted as long as the mother's conduct was appropriate.

·On appeal, the focus of Rowray's argument is that this procedure unfairly enhanced the credibility of the children's testimony and that, because they were the first to testify, the entire trial was infected with undue sympathy for the testimony of the child victims.

Rowray contends K.S.A. 1992 Supp. 22-3434 is the exclusive nontraditional method of allowing child testimony, that no individual findings of the children's inability to testify without support were made, and that the mother should not be allowed to dictate to the court the conditions under which her children would be allowed to testify.

Rowray claims the mother's presence could be justified only after an individualized finding of expected trauma based on testimony of a competent child mental health expert. Rowray finally argues that because both witnesses testified at the preliminary hearing, a finding of unavailability could have been made and a transcript of the children's earlier testimony read to the jury.

W.A.J. and A.J. were allowed to testify in the same manner at the preliminary hearing. The State contended that because of their immaturity and the great deal of difficulty in obtaining their previous testimony, the children should be allowed to testify with their mother present at the jury trial.

The State claims no prejudice has been shown. The trial court warned the State that: "If it appears that the mother is not capable of conducting herself with the appropriate decorum and that her nonverbal behavior is interfering with the presentation of the testimony of the child, she will be excused, and the child will testify without the benefit of the parental support." The State claims the record shows no involvement by the mother, while Rowray contends her mere presence was inherently prejudicial.

We first make it clear this is not a case where Rowray's constitutional right of confrontation was claimed to have been denied and the holdings of *Coy v. Iowa*, 487 U.S. 1012, 101 L. Ed. 2d

857, 108 S. Ct. 2798 (1988), and *State v. Chisholm,* 250 Kan. 153, 825 P.2d 147 (1992), are not in issue.

The focus of Rowray's argument is that his right to a fair and impartial trial was violated by the mother's presence.

In *State v. Norwood,* 217 Kan. 150, 152, 535 P.2d 996 (1975), our Supreme Court stated:

"A defendant in a criminal trial is entitled to a fair and impartial trial. . . . The purpose of a trial in a criminal case is to ascertain the truth or falsehood of the charges against the defendant, and it is a part of the duty of the trial judge to see that the full truth is developed by the evidence. [Citation omitted.] In order to achieve this purpose we have held it to be proper for the trial judge to use whatever means that reasonably appear necessary, under the circumstances, to develop fully the truth of the matter in issue. Such conduct by the trial judge does not constitute ground for a new trial unless it appears his action is of such a prejudicial nature it would tend to reasonably influence the minds of the jury against the defendant, thus denying him the right to a fair and impartial trial. [Citation omitted.]"

When a courtroom action or arrangement is challenged as inherently prejudicial, we must consider if the practice presents an unacceptable risk of bringing into play impermissible factors which might erode the presumption of innocence. *Holbrook v. Flynn,* 475 U.S. 560, 570, 89 L. Ed. 2d 525, 106 S. Ct. 1340 (1986).

If the challenged practice is not found inherently prejudicial, or the defendant fails to show actual prejudice, the trial court must be affirmed. *Holbrook,* 475 U.S. at 572.

In *State v. Franklin,* 167 Kan. 706, 208 P.2d 195 (1949), the court held that an outburst from the murder victim's mother while the defendant was testifying, absent a clear showing of prejudice, does not warrant a new trial. The court stated:

"[I]t is within the sound discretion of the trial judge to determine the effect of such outbursts or demonstrations and in the absence of a clear showing that the jury was improperly affected thereby to the prejudice of the defendant, the ruling of the lower court in denying a new trial will not be disturbed." 167 Kan. at 710.

Similarly, in *State v. McNaught,* 238 Kan. 567, 580, 713 P.2d 457 (1986), the court held: "[T]he defendant has failed to show that he was prejudiced in any way by the wearing of MADD and SADD buttons by spectators in the courtroom." The court further noted:

"[I]n determining whether or not a defendant was denied a fair trial, the decision of whether the jury was or possibly could have been influenced is one which is necessarily left to the sound discretion of the trial court, the exercise of which will not be disturbed unless it appears that prejudice resulted from the disturbance." 238 Kan. at 577-78.

In *State v. Hood*, 18 Kan. App. 2d 1, 846 P.2d 255 (1993), we recently held the use of an anatomically correct doll to aid or illustrate the testimony of a young victim of a sex crime is permissible, and its use and/or admission into evidence is a matter addressed to the sound discretion of the trial court, subject to proper foundation and proof of relevance.

The principal authorities relied upon by Rowray are two Hawaii cases, *State v. Rulona*, 71 Hawaii 127, 785 P.2d 615 (1990), and *State v. Suka*, 70 Hawaii 472, 777 P.2d 240 (1989).

In *Rulona*, the Hawaii Supreme Court reversed the defendant's conviction for sexual assault and held the trial court abused its discretion in permitting an eight-year-old child to testify while seated on the lap of a sexual abuse counselor. The court found "nothing in the minor witness' testimony, either before . . . or after she took the stand before the jury, . . . shows a compelling necessity for allowing such a prejudicial scenario." 71 Hawaii at 130.

In *Suka*, the victim-witness became upset during initial questioning, and a representative from the victim-witness program was allowed to sit next to the witness, providing the prosecutor laid a foundation for her presence. The complainant was 15 years old and not the subject of a Hawaii statute, Hawaii Rev. Stat. § 621-28 (1985), which relates to testimony of children less than 14 years of age. The Hawaii Supreme Court concluded that the bolstering of the complainant's credibility by the presence of the victim-witness program representative and the representative's shoulder touching of the witness were prejudicial to the defendant, thereby violating his due process right to a fair and impartial trial. 70 Hawaii at 476-77.

We do not find the authority of these two cases to be compelling. They are factually different as to the status of the person accompanying the child. Their holding is contrary to the great majority of the reported decisions throughout the United States.

We found no reported Kansas case directly on point, but our research of other jurisdictions supports our affirmance of the trial court. An excellent annotation concerning this issue, Annot., 82 A.L.R.4th 1038, points out that although not unanimous in upholding the practice, most courts have found no reversible error when a parent, relative, friend, guardian ad litem, school employee, clergyman, prosecutor, or unspecified support person accompanies a young victim-witness while testifying.

Jurisdictions in which this practice has been deemed not inherently prejudicial or reversible error include District of Columbia, *Holmes v. United States*, 171 F.2d 1022 (D.C. Cir. 1948) (9-year-old on mother's lap); California, *People v. Kabonic*, 177 Cal. App. 3d 487, 223 Cal. Rptr. 41 (1986) (6-year-old on mother's lap); Georgia, *Boatright v. State*, 192 Ga. App. 112, 385 S.E.2d 298 (1989) (8- and 9-year old children seated at a table in front of jury with their foster parent standing behind them); Indiana, *Baxter v. State*, 522 N.E 2d 362 (Ind. 1988) (mother held hand of her 9-year-old during testimony); Nebraska, *Gould v. State*, 71 Neb. 651, 99 N.W. 541 (1904) (father of 15-year-old was allowed to sit near and face witness); Ohio, *State v. Johnson*, 38 Ohio App. 3d 152, 528 N.E.2d 567 (1986) (7-year-old sat on mother's lap); Oklahoma, *Soap v. State*, 562 P.2d 889 (Okla. Crim. 1977) (mother stood by and held hand of 7-year-old during testimony); Pennsylvania, *Com. v. Pankraz*, 382 Pa. Super 116, 554 A.2d 974 (4-year-old sat on grandmother's lap), *app. denied* 522 Pa. 618, 563 A.2d 887 (1989); Texas, *Mosby v. State*, 703 S.W.2d 714 (Tex. App. 1985) (guardian ad litem sat 15-20 feet behind 11-year-old witness); Utah, *State v. Keeley*, 8 Utah 2d 70, 328 P.2d 724 (1958) (employee of school district sat beside 10-year-old); and West Virginia, *State v. Jones*, 178 W. Va. 519, 362 S.E.2d 330 (1987) (7-year-old seated on foster mother's lap).

Although the wording of each opinion differs slightly, the common thread running through the holdings is that when the accompanying party does not speak, prompt the witness, or in any manner attempt to disrupt or influence the trial, the trial judge's discretion is not abused in permitting an adult support person to be in close proximity to a minor while the minor testifies.

The Indiana Court of Appeals in *Stanger v. State*, 545 N.E.2d 1105, 1114 (Ind. App. 1989), reasoned:

"We are not convinced that the practice of allowing a parent or relative to sit near a child witness while the child is testifying is so patently unfair to a defendant as to render a jury verdict untrustworthy. Unlike other courtroom practices condemned in the past, such as prison clothing or shackles and gags, *see, e.g., Illinois v. Allen,* (1970), 397 U.S. 337, 90 S. Ct. 1057, 25 L. Ed. 2d 353, there is nothing about a person sitting quietly to the side of a witness which is particularly distracting or likely to arouse intense feeling among jurors for a witness or against a defendant. Indiana decisions attest the presence of a mother in the courtroom during a victim's testimony, is not, of itself, inherently prejudicial."

It is important to our decision that there is no showing in the record of any prejudicial actions resulting from the mother's presence. The trial court's directions to the mother were clearly followed. No showing of prejudice has been demonstrated. We hold the procedure is not inherently prejudicial.

A trial judge has broad discretion to control examination of witnesses, and "reviewing courts will not interfere unless discretion has been abused." *State v. Mitchell,* 234 Kan. 185, 188, 672 P.2d 1 (1983). It is clear there is no showing of an abuse of discretion under the facts of this case.

Rowray next argues the trial court abused its discretion in allowing the mother to accompany the children because K.S.A. 1992 Supp. 22-3434 establishes the exclusive method for permitting children to testify when they are unable to testify by themselves in open court.

Although Rowray's counsel made a general objection to the procedure at trial, this specific argument was not raised below. We choose to give full consideration to the issue and deem the objection made preserved the right to raise this argument. See *State v. Anderson,* 12 Kan. App. 2d 342, 744 P.2d 143 (1987).

K.S.A. 1992 Supp. 22-3434 reads in part:

"On motion of the attorney for any party to a criminal proceeding in which a child less than 13 years of age is alleged to be a victim of the crime, subject to the conditions of subsection (b), the court may order that the testimony of the child be taken:

(1) In a room other than the courtroom and be televised by closed-circuit equipment in the courtroom to be viewed by the court and the finder of fact in the proceeding; or

(2) outside the courtroom and be recorded for showing in the courtroom before the court and the finder of fact in the proceeding . . .

"(b) The state must establish by clear and convincing evidence that to require the child who is the alleged victim to testify in open court will so traumatize the child as to prevent the child from reasonably communicating to the jury or render the child unavailable to testify. The court shall make such an individualized finding before the state is permitted to proceed under this section."

Under the specific wording of the statute, either Rowray's counsel or the State had the right to request use of the procedure allowed by (1) or (2). Rowray failed to do so in the trial court. He is now hard-pressed to convince us that this procedure is exclusive. Further, the plain language of the statute gives no indication of the exclusivity of the method, nor does it remove from the discretion of the court the method or manner in which evidence is presented at a trial.

Rowray cites no convincing authority for his argument that K.S.A. 1992 Supp. 22-3434 is the exclusive manner for presentation of testimony of a child witness. Additionally, several jurisdictions permit child witnesses to be accompanied even though their state statutes have procedures similar to 22-3434. See, *e.g.*, *Stanger v. State*, 545 N.E.2d 1105, and Ind. Code § 35-37-4-8 (Supp. 1992); *Com. v. Pankraz*, 382 Pa. Super. 116, and 42 Pa. Cons. Stat. § 5984 (1993 Supp.) and *Miles v. State*, 201 Ga. App. 568, 411 S.E.2d 566 (1991), and Ga. Code Ann. § 17-8-55 (1990).

Use of the procedures of K.S.A. 1992 Supp. 22-3434 is not exclusive where a child has difficulty in giving testimony unaccompanied by an adult support figure.

Although it might be a better practice to make specific findings of expected trauma to a child-victim witness and allow the testimony of expert witnesses to be presented, we see nothing objectionable in the thoughtful manner in which the trial court handled and controlled the allowed courtroom procedure here.

Under the facts of the present case, Rowray's right to a fair and impartial trial was not violated, nor did the trial court abuse its discretion when it allowed the mother of the two minor witnesses to sit behind them as they testified at trial.

### Sufficiency of evidence/Jury instructions

Rowray next contends there was insufficient evidence from which the jury could have found beyond a reasonable doubt that he lewdly fondled or touched the person of either A.M., age 13,

or himself. In *State v. Bailey,* 251 Kan. 156, Syl. ¶ 2, 834 P.2d 342 (1992), the standard of review was stated as follows:

"When the sufficiency of the evidence is challenged, the standard of review on appeal is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt."

The essential elements of the offense with which Rowray was charged are established by K.S.A. 21-3503(1), which reads as follows:

"Indecent liberties with a child is engaging in any of the following acts with a child who is not married to the offender and who is under 16 years of age:
(a) Sexual intercourse; or
(b) any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both; or
(c) soliciting the child to engage in any lewd fondling or touching of the person of another with the intent to arouse or satisfy the sexual desires of the child, the offender or another."

A.M. testified that Rowray forcefully pulled her underwear down to her knees while she was spending the night at his house. She further testified that Rowray repeatedly grabbed and squeezed her upper thigh while she rode with him on the ice cream truck.

In claiming this is not sufficient evidence, Rowray misunderstands K.S.A. 21-3503 as it has been interpreted by *State v. Wells,* 223 Kan. 94, 98, 573 P.2d 580 (1977), and *State v. Gilley,* 5 Kan. App. 2d 321, 615 P.2d 827, *rev. denied* 228 Kan. 807 (1980). The evidence is sufficient for a reasonable factfinder to infer Rowray's intent to arouse the sexual desire of the victim or himself and is sufficient to establish guilt beyond a reasonable doubt.

We also find Rowray's contention that the trial court erroneously failed to instruct on a lesser included offense of attempted indecent liberties with a child to be without merit. There was no evidence that any attempt was made, because the evidence showed the crime as charged was completed. See *State v. Hammon,* 245 Kan. 450, 781 P.2d 1063 (1989). Because Rowray completely denied the actions testified to by A.M., the evidence

either showed that he lewdly fondled or touched A.M., or that he did not touch A.M. at all. Under either scenario, there is no basis for instructing on attempted indecent liberties with a child.

Rowray further argues there was insufficient evidence from which the jury could have found beyond a reasonable doubt that M.F., age 10, did not consent to the alleged touching. There was·evidence that Rowray kissed M.F. and touched her vagina while she was sitting on his lap. Rowray denied that this occurred. Rowray makes the same arguments which he previously made. Rowray's reliance on *State v. Blount,* 13 Kan. App. 2d 347, Syl. ¶ 1, 770 P.2d 852, *rev. denied* 245 Kan. 786 (1989) is misplaced. *Blount* states: "A victim may be found to have not consented to a wrongful touching despite the fact the victim had some limited freedom of movement and/or minimal control over the situation." The conflicting testimony was resolved by the jury, which is the final determination of the contested factual issue, and we are not on appeal permitted·to interject our view of the evidence.

Rowray makes an additional argument concerning the testimony of J.G., age 10. Although the testimony was confusing as to the time of the act, clear testimony was given that Rowray called her into the front room after she had gone to bed, forced her to sit on his lap, and touched her breasts for about five minutes.

The inconsistency as to the time does not make the evidence insufficient. As we have stated above, "It is the function of the jury, not of an appellate court, to weigh the evidence and pass upon the credibility of witnesses." *State v. Holt,* 221 Kan. 696, 700-01, 561 P.2d 435 (1977), see *State v. Northrup,* 16 Kan. App. 2d 443, 450, 825 P.2d 174 (1992).

*Abuse of sentencing discretion and denial of motion to modify*

Rowray contends the sentencing factors of K.S.A. 21-4606 were not applied and the trial court abused its discretion in summarily denying his motion to modify.

Rowray's sentence is within the statutory guidelines. The record of the sentencing hearing establishes the trial court properly and thoroughly considered the factors of K.S.A. 21-4601 and K.S.A. 21-4606. Rowray has failed to show where the trial court's actions were the result of prejudice, partiality, oppressiveness, or corrupt motive.

The arguments made on appeal concerning consideration of inappropriate remarks of arresting officers contained in the pre-sentence investigation (PSI) report were not objected to below. These remarks were mere opinions of law enforcement officers, as was the recommendation of the prosecution that all counts were to be run consecutively. The trial court gave consideration to all these matters as well as Rowray's counsel's plea for leniency. The court's sentencing discretion was properly exercised. See *State v. McDonald,* 250 Kan. 73, 82, 824 P.2d 941 (1992).

Finally, whether to hold a hearing on the motion to modify is within the trial court's discretion. *State v. Pierce,* 246 Kan. 183, 187, 787 P.2d 1189 (1990). The trial court is not required to conduct a hearing when ruling on a motion to modify. *State v. Jennings,* 240 Kan. 377, Syl. ¶ 1, 729 P.2d 454 (1986).

There was no reason to require a hearing in this matter because the State Reception and Diagnostic Center report contained basically the same information as the PSI report. The trial court was familiar with the case and reasonably and justifiably denied the motion to modify.

Affirmed.