OPINION
Defendant-appellant, Kirk M. Eberle, appeals his conviction in the Clermont County Court of Common Pleas on three counts of rape in violation of R.C. 2907.02(A)(1)(b) and three counts of felonious sexual penetration in violation of R.C. 2907.12(A)(1) (b). Eberle complains that his convictions were against the manifest weight of the evidence.
On May 29, 1996, the Clermont County Grand Jury issued a nine count indictment against Eberle based on allegations of sexual misconduct involving a six-year-old girl. The state subsequently dropped three counts alleging vaginal rape. A two day jury trial began on January 13, 1997. The child, then nine years old, described one occasion when Eberle was watching her while her mother was in the hospital. She testified that Eberle met her in a bedroom and shut the door. As she lay on the edge of the bed, Eberle placed a pillow over her face and removed her shorts and underwear. The child testified that Eberle "took his penis and rubbed it against my vagina." She also testified that he used his fingers to spread open her vagina and indicated that he committed cunnilingus. The child said that after that incident she noticed a "yellowish" or "greenish" substance in her underwear. The child complained of similar behavior on at least ten or twelve other occasions.
After hearing all of the evidence, the jury found Eberle guilty as charged. On February 19, 1997, the trial court sentenced Eberle accordingly.
On appeal, Eberle argues under a single assignment of error that his conviction was against the manifest weight of the evidence. In reviewing whether a conviction is against the manifest weight of the evidence, this court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175.
Although Eberle does not expressly challenge the trial court's decision declaring the child witness competent to testify,[1]
he seems to argue that the jury lost its way in considering the childvictim's testimony. This court does not agree.
Evid.R. 601(A) and R.C. 2317.01 provide that "children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly[,]" are not competent to be witnesses. This court has carefully reviewed the trial court's voir dire of the child witness, as well as her subsequent testimony, and holds that the child was competent to testify.
Eberle specifically complains that the state led the child in her testimony. Evid.R. 611 empowers trial courts with discretion in controlling the manner and order in which witnesses are interrogated "so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Evid.R. 611 provides that leading questions cannot be used on direct examination unless necessary to develop testimony. This exception allowing for leading questions to develop testimony "is quite broad and places the limits upon the use of leading questions on direct examination within the sound discretion of the trial court." State v. Lewis (1982), 4 Ohio App.3d 275, 278. This court will not disturb a trial court's decisions with respect to leading questions absent an abuse of discretion. See State v. Johnson (1986), 38 Ohio App.3d 152, 154.
This court has carefully considered the state's questioning of the child witness, and the child's responses. There is no indication that the trial court abused its discretion in allowing the state some leeway in asking leading questions. This court expressly rejects Eberle's suggestion that the state supplemented the child's testimony. After thoroughly reviewing the entire transcript, this court cannot conclude that the jury in this case "clearly lost its way." Eberle's convictions were not against the manifest weight of the evidence, and his single assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.
[1] Because there is no indication that Eberle challenged the child's competence to testify after voir dire, that determination can only be challenged on appeal as plain error.