2006 UT 13

**STATE of Utah, Plaintiff and Respondent,**

v.

**Ricky BILLSIE, Defendant and Petitioner.**

**No. 20040586.**

Supreme Court of Utah.

Feb. 28, 2006.

Mark L. Shurtleff, Att'y Gen., Christine Soltis, Asst. Att'y Gen., Salt Lake City, Ryan J. Shaum, Washington County, for plaintiff.

Margaret P. Lindsay, Orem, Patrick V. Lindsay, Provo, for defendant.

WILKINS, Associate Chief Justice:

¶ 1 Ricky Billsie seeks review of the court of appeals' decision upholding the trial court's refusal to exclude, pursuant to rule 615 of the Utah Rules of Evidence, the child-victim's mother from the courtroom during the child's testimony. We affirm.

## BACKGROUND

¶ 2 The Defendant, Ricky Billsie, was charged with one count of sodomy of a child, two counts of rape of a child, and three counts of aggravated sexual abuse of a child, all of which are first degree felonies. During the preliminary hearing, the charge of sodomy of a child was dismissed, and the Defendant was bound over for trial on the remaining charges. At the conclusion of the trial, the jury found the Defendant guilty of the three counts of aggravated sexual abuse of a child and acquitted him as to the two counts of rape of a child. The Defendant was sentenced to three indeterminate terms of not less than five years to life, with each sentence to run consecutively.

¶ 3 The victim in this case is a young girl. At the time of the trial, the victim was eight years old; however, during the time of the abuse she was between the ages of six and seven years old.

¶ 4 At trial, the Defendant moved to exclude witnesses from the courtroom pursuant to rule 615 of the Utah Rules of Evidence. The prosecution sought an exemption from the exclusion for the victim's mother even though she was expected to be a witness. The trial court granted the exemption and permitted the mother to not only remain in the courtroom but to also sit behind the victim during the victim's testimony. The Defendant objected to the mother being allowed to remain in the courtroom on the basis that it was the mother who had convinced the victim to falsely allege the abuse.

¶ 5 The Defendant appealed his convictions. The court of appeals affirmed the

convictions,[1] including the trial court's decision to allow the mother to remain in the courtroom despite her status as a witness.[2] We granted the Defendant's petition for certiorari.

## STANDARD OF REVIEW

■ ¶ 6 On certiorari, we review the decision of the court of appeals, not the trial court.[3] The trial court's decision to exempt a witness from exclusion under rule 615 is reviewed for abuse of discretion, and "[i]f the challenged practice is not inherently prejudicial, or the defendant fails to show actual prejudice, the judgment of the trial court will be affirmed."[4]

## ANALYSIS

¶ 7 The question before us is whether it was error to permit the victim's mother to sit behind the victim while she testified, where the mother was also a witness in the case. The Defendant argues that rule 615 required the mother, as a witness, to be excluded, and that even if it were permissible to allow her to remain in the courtroom, it was error to allow her to sit directly behind the victim during the child's testimony. We address these arguments in turn.

## I. RULE 615 DOES NOT REQUIRE THAT THE MOTHER BE EXCLUDED

¶ 8 We have often said that "[t]he trial judge has broad latitude to control and manage the proceedings and preserve the integri-

ty of the trial process."[5] As limited by rule 615,[6] Utah Code section 78-7-4 provides that it is within the trial court's discretion "during the examination of a witness [to] exclude any and all other witnesses in the cause."[7] Rule 615 allows a party to request that the judge exclude witnesses from the courtroom in order to prevent them from hearing the testimony of other witnesses.[8] The rule requires the exclusion of witnesses when requested by a party, but also grants the trial court discretion to exempt some categories of witnesses from the mandatory exclusion.[9]

■ ¶ 9 While several exemptions are listed, the pertinent exemption here is found in rule 615(1)(c). It states:

> (1) At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order on its own motion. This rule does not authorize exclusion of:
>
> . . . .
>
> (c) a person whose presence is shown by a party to be essential to the presentation of the party's cause[.][10]

The trial court is afforded considerable latitude in determining whether a person's presence is essential. However, once the trial court makes that determination, that witness must be allowed to remain in the courtroom.

■ ¶ 10 It is important to remember that the purpose behind rule 615 is "directed toward preventing witnesses from changing their testimony based on other evidence ad-

---

1. In this instance, there is no majority opinion from the court of appeals. Of the three judges on the panel, one dissented without explanation, one concurred in the result without explanation, and one wrote the "opinion" which expresses only the views of that judge. As a result, the parties, the trial courts, this court, and the public at large are left to wonder on what basis, and on what reasoning, the Defendant's convictions were upheld. Although such a practice is not specifically forbidden, it fails to adequately explain the action of the *court*, and as such is best avoided.

2. *State v. Billsie*, 2004 UT App 158U, 2004 WL 1368280.

3. *Salt Lake County v. Metro W. Ready Mix, Inc.*, 2004 UT 23, ¶ 11, 89 P.3d 155.

4. *State v. Harrison*, 2001 UT 33, ¶ 6, 24 P.3d 936 (citing *Holbrook v. Flynn*, 475 U.S. 560, 572, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986)).

5. *Harrison*, 2001 UT 33, ¶ 6, 24 P.3d 936.

6. *See Astill v. Clark*, 956 P.2d 1081, 1087 (Utah Ct.App.1998) ("Rule 615(1)(c) ... limits a court's discretion to exclude a witness....").

7. Utah Code Ann. § 78-7-4 (2005).

8. *See* Utah R. Evid. 615(1) (2005).

9. *Id.*

10. Utah R. Evid. 615(1)(c).

duced at trial."[11]  No such implication of changed testimony by the mother has been raised here.

¶ 11 The trial judge explained that his decision allowing the mother to remain in the courtroom was based on matters disclosed at the preliminary hearing.  Specifically, the trial court expressed concern with the victim's discomfort and sensitivities due to her young age and felt that her mother should be allowed to remain with her.  The decision to allow the child-victim's mother to remain in the courtroom was well within the trial court's discretion.

¶ 12 In addition, the Defendant fails to call our attention to any actual prejudice resulting from the nonexclusion of the mother.  Instead he would have us presume prejudice.  "When an exclusion order has been violated, the burden is on the accused to demonstrate that he has been prejudiced to the extent that a mistrial should be granted."[12]  The Defendant has not met that burden.

## II.  ALLOWING THE MOTHER TO REMAIN IN THE COURTROOM AND SIT DIRECTLY BEHIND THE VICTIM WAS NOT ERROR

¶ 13 Having found that allowing the mother to remain in the courtroom was within the trial court's discretion and did not violate rule 615, we now consider whether it was harmful error to allow the mother to sit behind the child-victim during the victim's testimony.  It is the policy of this state that child victims and child witnesses are to be afforded extra consideration in our criminal trial process.  Utah Code section 77–37–1(2) states:

> The legislature finds it is necessary to provide child victims and child witnesses with additional consideration and different treatment than that usually afforded to adults.  The treatment should ensure that children's participation in the criminal justice process be conducted in the most effective and least traumatic, intrusive, or intimidating manner.[13]

¶ 14 Children called to testify may have an adult accompany them while on the witness stand.[14]  Permitting an adult to accompany a child witness is not mandatory, but is left to the discretion of the trial court.[15]

¶ 15 In this case, the victim was an eight-year-old child at the time of trial.  The trial court determined that the victim was in need of comfort or support in order to testify, due to her young age and sensitivities.  Allowing an adult to accompany the child-victim while she testified was well within the discretion of the court.  Moreover, allowing the victim's mother to be that adult was also clearly within the discretion afforded the trial court.

¶ 16 Having thus exercised its discretion, the trial court has the responsibility to assure that the adult who accompanies the child-witness does not improperly influence the child's testimony.  Here, the trial court required the mother to sit behind the victim during the child's testimony.  The mother was not able to make eye contact or gesture to the child as the child testified.  The mother and the child were both within the clear view of the judge, who was able to observe any interactions and ensure that no inappropriate bolstering or influence occurred.  Had there been any inappropriate behavior, the trial court would have been able to correct the situation immediately.  Considering these factors, we are not persuaded that the trial court abused its discretion in allowing the mother to sit behind the child-victim

11.  *State v. Cramer*, 2002 UT 9, ¶ 31, 44 P.3d 690; *see also Astill*, 956 P.2d at 1087 ("The purpose behind excluding witnesses ... is to prevent witnesses from being influenced or tainted ....").

12.  *State v. McGrath*, 749 P.2d 631, 634 (Utah 1988).

13.  Utah Code Ann. § 77–37–1(2) (2005).

14.  *See State v. Harrison*, 2001 UT 33, ¶ 7, 24 P.3d 936; *State v. Hoyt*, 806 P.2d 204, 210 (Utah Ct.App.1991); *see also State v. Keeley*, 8 Utah 2d 70, 328 P.2d 724, 725 (1958) (finding it appropriate to have allowed a school officer to sit next to the child victim/witness while the child was on the witness stand).

15.  *See Harrison*, 2001 UT 33, ¶ 11, 24 P.3d 936.

during the child's testimony. The court of appeals was correct to affirm the convictions.

## CONCLUSION

¶ 17 Rule 615 does not require the trial court to exclude the child-victim's mother from the courtroom. In addition, allowing the victim's mother to sit behind the eight-year-old victim while she testified was not error. Consequently, the trial court did not abuse its discretion when it exempted the mother from exclusion and allowed her to sit behind the victim during the child's testimony. Accordingly, we affirm the court of appeals' decision and the Defendant's convictions.

¶ 18 Chief Justice DURHAM, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Associate Chief Justice WILKINS' opinion.