NOT DESIGNATED FOR PUBLICATION

No. 115,953

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CODY REYNOLDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; ROBERT J. BEDNAR, judge. Opinion filed July 14, 2017. Affirmed.

*Jeffery A. Sutton*, of Sutton Law Office, L.L.C., of Basehor, for appellant.

*Christopher R. Scott*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., PIERRON and STANDRIDGE, JJ.

*Per Curiam*: Following an automobile accident, Cody Reynolds was cited for failure to yield the right of way. The case proceeded to a bench trial where the district court found Reynolds guilty of the traffic infraction. On appeal, Reynolds argues the district court erred by allowing the State to introduce an accident reconstruction diagram into evidence. For the reasons stated below, we affirm.

1

On June 11, 2015, Leavenworth County Sheriff's Deputy Steven Keith Tuttle was dispatched to the intersection of K-16 Highway and 251st Street in Leavenworth County for a noninjury rollover accident. After arriving at the scene, Tuttle observed a red Chevy pickup truck rolled over into a ditch and a white car with front-end damage to its bumper parked near the intersection. Tuttle made contact with Michael Baxter, the driver of the truck, and with Reynolds, the driver of the white car. Reynolds ultimately received a citation for failure to yield the right of way, contrary to K.S.A. 8-1526.

The case proceeded to a bench trial before the district court. Reynolds appeared pro se. The State's only witness was Deputy Tuttle, who testified that he spoke with Reynolds and Baxter at the scene of the accident and that he observed the damage to both vehicles and the skid marks left by the truck. Based on his conversations with both drivers and his observations at the scene, Tuttle concluded that Reynolds had made a U-turn on 251st Street and turned onto K-16 before he collided with Baxter, who was driving east on K-16. Tuttle testified that the intersection was controlled by stop signs on 251st Street and that there were no stop signs located on K-16. Based on these conclusions, Reynolds was cited for failure to yield the right of way. Tuttle found no evidence to establish that Baxter caused the accident. Tuttle testified he had prepared an accident reconstruction diagram for this case and, over Reynolds' objection, the district court admitted the diagram into evidence.

Reynolds defended on the theory that Baxter had caused the accident by swerving into Reynolds' car, which he said was stopped at the stop sign on 251st Street. Reynolds and his mother—who was a passenger in his car—both testified that after Reynolds turned around on 251st Street, he came to a complete stop at the stop sign, where he was hit by Baxter's truck.

The district court took the case under advisement after the close of evidence. The court ultimately found Reynolds guilty of failure to yield the right of way and ordered him to pay a $75 fine and $108 in court costs. Reynolds timely appeals.

ANALYSIS

Reynolds argues the district court erred by admitting Tuttle's accident reconstruction diagram into evidence. Appellate review of a district court's decision to admit evidence involves a multistep analysis. First, we determine whether the evidence is relevant. If the evidence is relevant, then we next review de novo which rules of evidence or other legal principles apply. Finally, we apply the appropriate evidentiary rule or principle, utilizing the standard of review set forth by the applicable rule or principle. See *State v. Page*, 303 Kan. 548, 550, 363 P.3d 391 (2015).

Reynolds concedes that the accident reconstruction diagram was relevant, so we move on to review and apply the legal principles involved. Photographs, diagrams, and other types of demonstrative evidence are admissible subject to the discretion of the district court. "'Maps, diagrams or drawings, if shown to be reasonably accurate are used in everyday practice in courts and are acceptable in aiding a [factfinder] to visualize objects and scenes relevant to the action.'" *State v. Hood*, 18 Kan. App. 2d 1, 3, 846 P.2d 255 (1993).

The diagram at issue here depicted the intersection of 251st Street and K-16 Highway, the vehicles involved in the accident, the alleged path driven by Reynolds' car, and the alleged trajectory of Baxter's truck. Reynolds objected below to the admission of the diagram on grounds that it was not accurate. The district court overruled the objection and admitted the diagram into evidence.

On appeal, Reynolds appears to challenge the admission of the diagram based on foundational issues related to Tuttle's testimony about "his training, education and experience related to his investigation of this matter." Specifically, Reynolds asserts that Tuttle's training only consisted of one course during his academy education and that, at the time Tuttle prepared the diagram, he was a "'trainee'" with less than 3 months on the job. Reynolds also disputes Tuttle's testimony that he spoke with Reynolds at the scene of the accident. For these reasons, Reynolds contends that the district court should have excluded the diagram, Tuttle's testimony, and Tuttle's accident report.

Reynolds' arguments fail for multiple reasons. First, a party may not object at trial to the admission of evidence on one ground and then on appeal argue a different ground. *Page*, 303 Kan. at 558. Reynolds' suggestion that his objection at trial to the diagram as inaccurate somehow encompassed the arguments he now raises on appeal is unavailing. Although Reynolds appeared pro se at his trial, that circumstance does not excuse his failure to effectively challenge the admission of evidence. See *State v. Graham*, 273 Kan. 844, 850, 46 P.3d 1177 (2002) (pro se litigant is held to same standard of legal knowledge as an attorney).

But even if Reynolds had properly preserved the issue for appeal, his attacks on Tuttle's testimony go to the weight or credibility and not the admissibility of the diagram. No evidentiary statute requires foundation for documents or other exhibits. Foundation refers to "'preliminary questions designed to establish that evidence is admissible.' [Citations omitted.]" *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015). Before the prosecutor offered the diagram into evidence, Tuttle testified that he was trained in accident reconstruction, that part of that training involved preparing diagrams of accidents, and that he had prepared such a diagram for this case. Tuttle later testified that based on his conversations with both drivers and his observations at the scene, he concluded that the collision occurred within the lane of K-16 Highway. Reynolds does not offer a credible objection to the conclusion that the

4

diagram is a reasonable depiction of the scene of the accident or that it was helpful to aid the district court in visualizing the scene. See *Hood*, 18 Kan. App. 2d at 3. As such, the district court did not abuse its discretion in admitting the diagram into evidence. See *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015) (court abuses its discretion if its decision is based on error of law or fact or if no reasonable person could agree with its decision).

To the extent Reynolds claims that Tuttle's testimony and accident report should have been excluded from evidence, he did not make this argument below. Generally, issues not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. Litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed and will be deemed waived or abandoned. *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015). Reynolds does not acknowledge his failure to raise this issue below or otherwise explain why we should consider it now. Therefore, Reynolds has waived or abandoned any argument on this point.

Affirmed.