[No. F004938. Fifth Dist. Feb. 10, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
BRUCE EDWARD KABONIC, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I and III.

488

**COUNSEL**

Steve L. Bedient, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, James T. McNally and Thomas Y. Shigemoto, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

CASTELLUCCI, J.*—Bruce Edward Kabonic appeals from the judgment entered on jury verdicts convicting him of a lewd and lascivious act upon a child under the age of 14 years (Pen. Code, § 288, subd. (a)) and oral copulation of a child under 14 years of age and more than 10 years younger than the defendant (Pen. Code, § 288a, subd. (c)). We affirm the judgment.

It is unnecessary at the outset to set forth a detailed statement of the facts. We shall merely note that on the night in question, appellant was a house guest of the victim's parents.

I.†

THE COMPLAINING WITNESS/VICTIM WAS COMPETENT TO TESTIFY.

. . . . . . . . . . . . . . . . . . . . . . . .

---

*Assigned by the Chairperson of the Judicial Council.
†See footnote on page 487, *ante.*

## II.

### DID THE TRIAL COURT ERR IN PERMITTING THE VICTIM'S MOTHER TO ACCOMPANY THE VICTIM TO THE WITNESS STAND, PURSUANT TO PENAL CODE SECTION 868.5, IN THE ABSENCE OF A NOTICED MOTION BY THE PROSECUTION.

Appellant contends the trial court erred in granting the prosecution's oral motion to permit Renee's mother, Mary, a prosecution witness, to accompany Renee to the witness stand and to permit Renee to sit on her mother's lap while Renee was testifying. Appellant contends the granting of this motion by the trial court, in the absence of a noticed motion by the prosecution pursuant to Penal Code section 868.5,[2] was error.

Section 868.5, at all relevant times herein, provided as follows:

"(a) Notwithstanding any other provision of law, a prosecuting witness 16 years of age or under in a case involving a violation of Section 243.4, 261, 285, 286, 288, 288a, 289, or 647a, or a violation of subdivision (1) of Section 314, shall be entitled for support to the attendance of a parent, guardian, or sibling of his or her own choosing, whether or not a witness, at the preliminary hearing and at the trial, during the testimony of the prosecuting witness. The person so chosen shall not be a person described in Section 1070 of the Evidence Code unless the person is related to the prosecuting witness as a parent, guardian, or sibling and does not make notes during the hearing.

"(b) If the person so chosen is also a prosecuting witness, the prosecution shall present, on noticed motion, evidence that the person's attendance is both desired by the prosecuting witness for support and will be helpful to the prosecuting witness. Upon that showing, the court shall grant the request unless information presented by the defendant or noticed by the court establishes that the support person's attendance during the testimony of the prosecuting witness would pose a substantial risk of influencing or affecting the content of that testimony.

"(c) The testimony of the person so chosen who is also a prosecuting witness shall be presented before the testimony of the prosecuting witness. The prosecuting witness shall be excluded from the courtroom during the person's testimony. Whenever the evidence given by the person would be subject to exclusion because given before the corpus delicti has been established, the evidence shall be admitted subject to the court's or the defend-

---

[2]All references to code sections herein are to the Penal Code, unless otherwise noted.

ant's motion to strike that evidence from the record if the corpus delicti is not later established by the testimony of the prosecuting witness.''

Initially, a determination must be made as to whether Mary was a "prosecuting witness" as that term is used in section 868.5.

If "prosecuting witness" is interpreted narrowly to mean only the victim or complaining witness, the fact that Mary accompanied her daughter to the witness stand, even though Mary was a witness for the prosecution, is of no consequence because the noticed motion requirement of subdivision (b) would be inapplicable.

■ Black's Law Dictionary defines "prosecuting witness" as follows: "The private person upon whose complaint or information a criminal accusation is founded and whose testimony is mainly relied on to secure a conviction at the trial. In a more particular sense, the person who was chiefly injured, in person or property, by the act constituting the alleged crime . . . and who instigates the prosecution and gives evidence." (Black's Law Dict. (5th ed. 1979) p. 1099.)

This definition is consistent with the more commonly used, if not more restrictive, meaning for the phrase. ■ However, at least one court has concluded that the phrase "prosecuting witness" as used in section 868 refers to both a victim who is a witness and a witness for the prosecution who is neither the victim nor the complainant. (*Ortega* v. *Superior Court* (1982) 135 Cal.App.3d 244, 252 [185 Cal.Rptr. 297].)

■ Section 868.5 is bracketed by Penal Code sections which are somewhat related but only add to the confusion. Section 868, which pertains to open preliminary examinations, provides that the defendant may request, and the magistrate may order upon a finding of necessity to protect the defendant's right to a fair and impartial trial, the exclusion of all persons from the preliminary examination except certain specified individuals, including "a person chosen by the prosecuting witness who is not himself or herself a witness but who is present to provide the prosecuting witness moral support, . . ." Section 868.7 provides that the preliminary examination may be closed to the public, upon motion of the prosecution, during the testimony of a witness "[w]ho is the complaining victim of a sex offense, . . ."

Facially, sections 868, 868.5 and 868.7 support multiple interpretations of just what the Legislature meant by the phrases "prosecuting witness," "witness," and "complaining victim." Section 868 uses "prosecuting witness" and "witness" both in the same sentence and implies a distinction

between the complaining witness and a witness for the prosecution. Conversely, section 868.7 does not even use the phrase "prosecuting witness" and instead distinguishes between all witnesses and a witness who is the complaining victim of a sex offense.

Section 868.5 itself also uses the phrases "prosecuting witness" and "witness" together in the same sentence. One interpretation obviously is that the Legislature did recognize a distinction between a complaining witness and a witness for the prosecution, simply referring to the latter as a witness. However, if one starts with the premise that the phrase "prosecuting witness" is used in the sense of any witness for the prosecution, the language of section 868.5 is equally consistent and reconcilable with the view that the Legislature intended to apply the procedural mechanism of subdivision (b) to all cases where the support person chosen by the victim is merely a witness for the prosecution.

Finding ambiguity in the language of section 868.5 and lacking any precedent construing "prosecuting witness" as used in section 868.5, we must examine legislative history and other materials and attempt to give meaning to the term based upon its usage and the purposes of section 868.5. (*Ortega v. Superior Court, supra,* 135 Cal.App.3d at p. 252.) The *Ortega* case construed the same phrase as it is used in section 868. In that case, the trial court permitted the presence of a witness' mother during the witness' preliminary examination testimony. The witness was the teenage girlfriend of one of the defendants. She had been charged as an accessory in juvenile court and agreed to testify in return for immunity. She offered extremely damaging testimony against both defendants including several heavily incriminating admissions of the defendants. The defendants contended the presence of the witness' mother during her testimony rendered their commitment unlawful within the meaning of section 995 for failure to remove all persons not excepted under section 868, arguing that "prosecuting witness" means the victim or person who brings the criminal complaint. The reviewing court, after noting that the "phrase 'prosecuting witness' is ordinarily used in two connections" opted to adopt the broader meaning to include witnesses for the prosecution who are neither victim nor complainant.

We are of the opinion that the purpose of section 868.5, together with the scant authority and legislative history available, supports the broader interpretation of the phrase "prosecuting witness" (as it applies to support persons) to include all witnesses for the prosecution. The Pacific Law Journal suggests that the law contemplates all witnesses for the prosecution by stating that though the previous versions prohibited any witness from acting as an attendant, the new section 868.5 "allows a witness to serve in this role"

and if the "attendant is also a witness for the prosecution, the prosecution must provide evidence on noticed motion that the attendant's presence is desired for support and will be helpful to the prosecuting witness." (*Selected 1983 California Legislation* (1984) 15 Pacific L.J. 589-591.) The Legislative Counsel's comment states that section 868.5 would "delete the qualification that the [support] person is otherwise not a witness" and provides "procedures relative to testimony where the [support] person is also a witness and the prosecuting witness in the sex offense is 16 years of age or younger."

■ It is apparent the Legislature is concerned not only with minimizing the trauma to the complaining witness of tender years, but also with offering procedural safeguards to the defendant and protecting against the risk of tailored testimony. (§ 868.5, subds. (b), (c); cf. 15 Pacific L.J., *supra,* pp. 589-591.) The most logical and reasonable conclusion is that the Legislature intended to guard against the possibility that the support person would tailor his or her testimony to match that of the complaining witness. This explains the provision in subdivision (c) that the support person be required to testify first and out of the presence of the victim. We cannot conceive that the Legislature intended the protections afforded under subsections (b) and (c) to be limited to those few sex offense cases in which there is more than one victim.

■ Adopting the broader interpretation of the phrase "prosecuting witness" does not in any way detract from the principal concern leading to the enactment of section 868.5—that is, that the trauma suffered by a child witness in a sexual offense trial be minimized—because such a witness, if under age 17, is still entitled to the attendance of a support person provided the procedural requirements of subdivision (b) are satisfied. Such an interpretation goes further, however, in providing protection for the defendant from the risk of tailored testimony by extending the procedural protection of section 868.5 to all witnesses for the prosecution whose attendance is sought as a support person. To limit the reach of subdivision (b) of section 868.5 to only those situations where the support person is also a victim would unnecessarily restrict the impact of section 868.5 and render it toothless as far as a defendant is concerned. ■ Where interpretation of legislative enactments is concerned, it would seem the more prudent course would be that which preserves to the defendant all reasonable safeguards while reasonably furthering the purposes of the statute.[3]

---

[3]We note that section 868.5 has again been amended in 1985 (Stats. 1985, ch. 467, § 1) to allow the attendance of "up to two family members" as support persons. The amendment also deleted the notice requirement of subdivision (b). We anticipate that arguments may ensue as to the meaning of "family members" and who should be embraced within that term. We respectfully suggest that the Legislature further amend section 868.5 to clearly

■ Having determined that the mother was a prosecuting witness, we now turn to appellant's contention of error. An examination of the record[4] reveals two glaring omissions with respect to the requirements of section 868.5, subdivision (b). First, the prosecution did not make its request to permit Renee's mother to accompany Renee to the witness stand, as a "support person," pursuant to a noticed motion. Second, the prosecution did not present evidence that the mother's attendance was desired by Renee for support and would be helpful to Renee. According to the appellant, the failure to make a noticed motion prevented appellant from exercising his statutory opportunity to establish "that the support person's attendance during the testimony of the prosecuting witness would pose a substantial risk of influencing or affecting the content of that testimony." (§ 868.5, subd. (b).) Although not asserted by either party, the record indicates subdivision (c) of section 868.5 was violated by failure to present the mother's testimony prior to the testimony of Renee.

■ Respondent contends the failure of the appellant to specifically object to the presence of Renee's mother as a support person on the specific ground of lack of notice as required by section 868.5, or to otherwise seek a continuance on the basis of surprise, should be deemed to constitute a waiver of such error on appeal. We disagree.

The prosecution's oral motion prior to the testimony of Renee, regarding a support person, was explicitly and specifically based on section 868.5. The trial court granted the motion, as voiced, and ordered that Renee's mother would be permitted to accompany Renee to the witness stand. Appellant's trial counsel then objected on the basis that Renee's mother was "going to be a witness in [the] case." It is obvious from this context that the basis of appellant's objection was section 868.5 thus encompassing all of its procedural requirements. Further, appellant's objection to the order

---

express its intent. If further amendment is undertaken, we additionally suggest the Legislature clarify who is encompassed within the term "prosecuting witness 16 years of age or under."

[4]Before the People called Renee as their first witness, the following exchange took place between the court and counsel:

"THE COURT: . . . .

"Mr. Shumaker, you may call your first witness.

"MR. SHUMAKER [prosecutor]: Thank you, your Honor. At this time, we would call Renee [], and I would also ask in light of her age and pursuant to Section 868.5 of the Penal Code, that her mother be present with her in court and accompany her to the witness stand.

"THE COURT: The mother will be so allowed to accompany her to the witness stand.

"MR. SPENCER [counsel for defendant]: I object to this, your Honor. The mother is going to be a witness in this case, as was indicated by Mr. Shumaker, and I would be opposed to her listening to the evidence again by the child.

"THE COURT: All right. In the discretion of the court, the objection will be overruled. This is a motion to exclude witnesses. That will be denied, in the discretion of the court, for this reason."

of the trial court, without exception having been taken in the trial court, is enough to sustain appellate review. (§ 1259.)

■ Error was committed by virtue of the failure to hew to the notice requirements of section 868.5. The question is, however, whether such error was prejudicial to appellant. We have found no reported cases interpreting section 868.5 or the effect of its violation. Only two cases have mentioned section 868.5, and this merely in passing. (*Hochheiser* v. *Superior Court* (1984) 161 Cal.App.3d 777, 792 [208 Cal.Rptr. 273]; *San Jose Mercury-News* v. *Municipal Court* (1982) 30 Cal.3d 498, 509 [179 Cal.Rptr. 772, 638 P.2d 655].)

■ Appellant contends the lack of a noticed motion prevented him from presenting evidence to the court that the presence of Renee's mother would pose a substantial risk of influencing Renee's testimony or otherwise affect the content of her testimony. ■ We note, however, that appellant did not request the opportunity to make an offer of proof before the trial court as to the potential risk of improper influence on Renee's testimony. Evidence Code section 354, mirroring the substance of California Constitution, article VI, section 13, states, in part:

"A verdict . . . shall not be set aside, nor shall the judgment . . . based thereon be reversed, by reason of the erroneous exclusion of evidence unless the [appellate] court . . . is of the opinion that the error or errors complained of resulted in a miscarriage of justice and it appears of record that:

"(a) The substance, purpose, and relevance of the excluded evidence was made known to the court by . . . an offer of proof, or by any other means . . . ." ■ Appellant suggests, at least impliedly, that the lack of a noticed motion surprised appellant and prevented appellant from gathering the necessary evidence to establish the substantial risk of influence or improper effect on the testimony of Renee. It is difficult to imagine evidence of improper influence which appellant might have been able to gather, but which would not have already been known to appellant at the commencement of trial. We particularly note that in the preliminary examination Renee sat on her mother's lap as she, Renee, testified.

There is no evidence of influence or attempted influence upon Renee by her mother to be gleaned from the record. We do appreciate, however, that genuine influence may be exerted on a testifying complaining witness just six years of age that would not be apparent on the face of a cold record. To that effect, section 868.5, subdivision (b) provides that the court may refuse to allow the attendance of the support person chosen where the substantial risk of improper influence is shown by information presented by defendant

*or* is "noticed by the court." Thus, the statute provides a safety valve where a defendant is unable to present substantive evidence of improper influence but the court, which is able to observe the proceedings and the demeanor of the witness, concludes there is a substantial risk of influence.

As to the issue of prejudice, appellant's position is weakened by these points: (1) The failure to make the barest offer of proof in the trial court below regarding proposed evidence of the substantial risk of improper influence posed by Renee's mother; (2) the lack of any indication in the record that the presence of Renee's mother actually influenced or affected the content of Renee's testimony; (3) the fact the trial court did not, at any time during Renee's testimony, deem the presence of Renee's mother improper within the meaning of section 868.5; and (4) the failure of appellant to point to any evidence of improper influence in the record or otherwise to refer to any evidence on appeal which might support the position that the presence of Renee's mother posed a substantial risk, or in fact influenced or affected the content of Renee's testimony.

■ Appellant also contends that had defense counsel had prior notice of the prosecution's intent to seek the attendance of Renee's mother as a support person, he could have placed evidence before the court concerning the issue of competency and insured a more complete examination of Renee in order to insure she was in fact competent to testify and understood the difference between truth and falsity. Assuming appellant had further evidence on the issue of Renee's competency which he did not actually present at trial, this view of prejudice is misplaced. As respondent argues, section 868.5 is not concerned with challenges to the competency of a prosecution witness. Appellant had varied procedural and substantive mechanisms to challenge the competency of Renee, and in fact utilized those devices. Appellant sought unsuccessfully, via a section 995 motion, to set aside the information filed against him on the ground the complaining witness was incompetent to testify at the preliminary examination. Appellant further challenged Renee's competency to testify pursuant to Evidence Code sections 700 and 701 through voir dire at the commencement of Renee's testimony at trial. Thus, appellant cannot complain the failure to comply with the procedural requirements of section 868.5 deprived him of the opportunity to fully voir dire Renee on the issue of her competency as a witness.

■ The error complained of is not of constitutional dimension. A review of the entire record does not lead to the conclusion it was reasonably probable a result more favorable to appellant would have occurred in the absence of the error complained of. ■ We hold the failure to comply with the procedural requirements of section 868.5 was harmless error. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

## III.*

THE VERDICT IS SUPPORTED BY SUBSTANTIAL EVIDENCE

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

The judgment is affirmed.

Franson, Acting P. J., and Hanson (P. D.), J., concurred.

---

*See footnote on page 487, *ante*.