**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Roger Allen RAYMOND, Defendant and Appellant.**

Nos. 18921, 18995.

Supreme Court of South Dakota.

Argued Sept. 13, 1995.

Decided Nov. 29, 1995.

**408**

Mark Barnett, Attorney General, Grant Gormley, Assistant Attorney General, Pierre, for plaintiff and appellee.

Richard L. Russman of Rice and Ewinger, Aberdeen, for defendant and appellant.

AMUNDSON, Justice.

Roger Raymond (Raymond) appeals both his conviction for sexual contact with a minor (SDCL 22-22-7)[1] and his sentence, which was enhanced under the South Dakota Habitual Offender statute (SDCL 22-7-8).[2] We reverse and remand.

## FACTS

Raymond is the uncle of A.Z. (victim). On September 4 or 5, 1993, the seven-year-old victim told D.S. (Mother) that Raymond had "touched her." Mother did not report this incident to anyone. Victim told her therapist, Patty Schwan (Schwan), about this same incident on September 7, 1993. Victim was receiving counseling from Schwan for many reasons, including an earlier aggravated sex-

ual molestation. Schwan notified the Department of Social Services (DSS). The DSS contacted the Brown County State's Attorney's Office, with whom they began their investigation.

Prior to the trial, State gave notice of intent to offer hearsay statements of a child under ten years of age pursuant to SDCL 19-16-38. These were the statements made by victim to Mother and Schwan. Raymond filed a motion to resist the State's notice of intent on the grounds the statements did not contain sufficient indicia of reliability and violated Raymond's right to confront and cross-examine the witnesses against him. A motion hearing was held on said motions before the trial court on April 13, 1994. On April 19, 1994, the court issued a memorandum decision finding the statement to Schwan admissible in that it had "sufficient indicia of reliability." See SDCL 19-16-38.

During a subsequent pretrial motion hearing held moments before the trial on June 28, 1994, Raymond moved to have the testimony of social worker Stacey Nelson (Nelson), Schwan, and therapist Carleen Cross (Cross) limited. The court asked State if it was going to question these three for their opinion as to the veracity of victim. State replied that it would not.[3]

Contrary to State's representation to the trial court, the prosecutor elicited an expert opinion from Nelson regarding the veracity for truthfulness of victim. Raymond objected to this testimony after it was heard by the jury. The court apparently agreed that the objection was proper, however, the record does not disclose a cautioning instruction being given to the jury at this time.[4] Later in

---

1. SDCL 22-22-7 states: "Any person, fourteen years of age or older, who knowingly engages in sexual contact with another person ... if the other person is under the age of sixteen years is guilty of a Class 3 felony...."

2. SDCL 22-7-8 states: "If a defendant has been convicted of three or more felonies in addition to the principal felony and one or more of the prior felony convictions was for a crime of violence ... the sentences shall be enhanced to the sentence for a Class 1 felony."

3. The Court: So you are not going to ask of any those witnesses their opinion as to the veracity of the alleged victim?

State: No, Your Honor. I agree with Mr. King, I don't think—I don't think the law permits me to do that.

4. State: Based on that did you—were you able to form an opinion as to [victim's]'s credibility?
Nelson: Yes
State: What would that opinion have been?
Nelson: She was credible in her statements about Roger Raymond touching her.
State: Why do you say that?
Nelson: Because the child was spontaneous in the information that she gave me during the interview. Her statements are consistent in general.

the trial, during the direct examination of Schwan, State again elicited expert testimony as to the veracity of victim. Raymond did not object to this testimony.

Following closing arguments, Raymond moved for mistrial, alleging State improperly mentioned that Raymond did not testify. Said motion was taken under advisement and later denied. The jury found Raymond guilty of one count of sexual contact with a minor. A second jury trial was held on the Part II indictment, finding Raymond an habitual offender. The court sentenced Raymond to life imprisonment without possibility of parole. Raymond appeals based on the following issues.

## ISSUES

I. DID THE TRIAL COURT ERR BY NOT GIVING A LIMITING INSTRUCTION AFTER NELSON'S INADMISSIBLE TESTIMONY?

II. DID THE TRIAL COURT ERR IN ADMITTING SCHWAN'S TESTIMONY UNDER THE "TENDER YEARS" STATUTE?

III. WAS THERE SUFFICIENT EVIDENCE TO ALLOW THE JURY TO DETERMINE THE OUTCOME OF THE TRIAL?

IV. DID THE TRIAL COURT ERR BY TAKING RAYMOND'S MOTION FOR MISTRIAL UNDER ADVISEMENT?

V. DOES A LIFE SENTENCE WITHOUT PAROLE VIOLATE THE EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT FOR A CONVICTION OF SEXUAL CONTACT WITH A MINOR THAT IS ENHANCED UNDER THE HABITUAL OFFENDER STATUTE?

Defense Attorney: Your Honor, I'm going to object. I think this is what we talked about in a pretrial motion about rendering expert opinion and further goes to the ultimate fact, Your Honor.

State: Your Honor, I guess I'm asking the basis of her opinion.

## STANDARD OF REVIEW

■ Expert testimony admissibility is governed by SDCL 19–15–2 (Rule 702). It is well settled that the trial court has broad discretion in regard to the admission of expert testimony. *State v. Bachman,* 446 N.W.2d 271 (S.D.1989); *United States v. Purham,* 725 F.2d 450 (8th Cir.1984). Absent a clear showing of abuse of discretion, the trial court's decision will not be reversed. *State v. Logue,* 372 N.W.2d 151 (S.D.1985).

## DECISION

*Testimony as to the Credibility of Victim*

■ This issue is pivotal to this appeal and we will address it first. When Nelson testified, State clearly asked questions that went beyond the realm of what the parties and the court had agreed upon prior to the trial. After laying a foundation as to Nelson's background and experience, State directly asked Nelson for her opinion as to victim's credibility. This called for an opinion based on expertise that went to an ultimate issue, namely, whether or not victim was credible. Raymond objected to this testimony.

■ It is not uncommon to use an expert in cases of this nature to assist a jury in comprehending evidence presented during the trial. However, "[w]e have previously held that it is the function of the jury to resolve evidentiary conflicts, determine the credibility of witnesses, and weigh the evidence." *State v. Svihl,* 490 N.W.2d 269, 274 (S.D.1992) (citing *State v. Battest,* 295 N.W.2d 739, 742 (S.D.1980)).

■ This court has previously placed limitations on experts expressing their opinions as to the believability of victims of child sexual abuse. "The general rule ... is that one witness may not testify as to another witness' credibility or truth-telling capacity because such testimony would invade the exclusive province of the jury to determine the

Defense Attorney: Then, Your Honor, he is asking for the basis of her opinion as an expert, and the Court's already ruled on that.

The Court: It appears that your question is directed to her expertise in a certain area.

State: Very well, Your Honor.

credibility of a witness." *McCafferty v. Solem,* 449 N.W.2d 590, 592 (S.D.1989); *accord Logue,* 372 N.W.2d at 157; SDCL 19–15–2. In 1993, we did away with the Ultimate Fact Doctrine and adopted Supreme Court Rule 93–18, SDCL 19–15–4. SDCL 19–15–4 (Rule 704) states: "Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." However, this does not mean all expert opinion on the ultimate issue is admissible. *See Zens v. Harrison,* 538 N.W.2d 794 (S.D. 1995).

" '[I]t is hornbook law that the credibility of a witness and the weight to be given his testimony rests exclusively with the jury.' " *United States v. Azure,* 801 F.2d 336, 340 (8th Cir.1986) (quoting *United States v. Rosenberg,* 108 F.Supp. 798, 806 (S.D.N.Y. 1952), *aff'd,* 200 F.2d 666 (2d Cir.1952)). *Azure* addresses the issue as to how Rule 704 (SDCL 19–15–4) is limited by Rule 702 (SDCL 19–15–2). SDCL 19–15–2 states: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

█ In *United States v. Barnard,* 490 F.2d 907 (9th Cir.1973), *cert. denied,* 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974), the court stated:

> [C]ompetency is for the judge, not the jury. Credibility, however, is for the jury—the jury is the lie detector in the courtroom.... It is now suggested that psychiatrists and psychologists have more [expertise in weighing the veracity of a witness] than either judges or juries, and that their opinions can be of value to both judges and juries in determining [credibility]. Perhaps. The effect of receiving such testimony, however, may be two-fold: first, it may cause juries to surrender their own

common sense in weighing testimony; second, it may produce a trial within a trial on what is collateral but still an important matter.

*Id.* at 912. Furthermore, the Ninth Circuit has held that opinion testimony on credibility is limited to character and "all other opinions on credibility are for the juror themselves to form." *United States v. Awkard,* 597 F.2d 667, 671 (9th Cir.1979).

There is substantial risk that the jury did not use its own common sense when they determined the credibility of victim. The cumulative effect of hearing Nelson bolstering victim's credibility and the State referring to this in its rebuttal closing argument clearly prejudiced Raymond.[5] " '[E]xpert testimony particularly courts the [danger of undue prejudice or of confusing the issues or misleading the jury] because of its aura of special reliability and trustworthiness.' " *Logue,* 372 N.W.2d at 157 (quoting *United States v. Amaral,* 488 F.2d 1148, 1152 (9th Cir.1973)). In addition, no limiting instruction was given by the court in reference to the statement.

█ In this type of case, the credibility of the victim is critical to the prosecution's case.[6] The jury in this case had the opportunity to consider this inadmissible credibility testimony. It is further obvious that the jury decided this critical credibility issue in favor of victim. This court has consistently held that a defendant is not guaranteed a perfect trial "but every accused, innocent or guilty, is entitled to a fair trial." *Logue,* 372 N.W.2d at 158; *see State v. Bennis,* 457 N.W.2d 843, 847 (S.D.1990). The introduction of this testimony to bolster the credibility of victim, even after the prosecutor admitted in the record that it was not admissible under settled law of this state, denied Raymond a fair trial.

We have considered the other issues and, based on our above holding, we see no reason

---

**5.** State argued: "Kids that have been abused probably do some strange things, but I don't think anybody has testified that [victim] is a liar. Patty Schwan certainly didn't feel that way. She has had [victim] in therapy for over a year."

**6.** During Raymond's motion for judgment notwithstanding the verdict, the State argued: "Your Honor, this case came down in large part on the credibility of the witnesses. The jury has resolved the issue of credibility in favor of the State against the defendant."

to reach them. This case is reversed and remanded for a new trial.

MILLER, C.J., and SABERS, KONENKAMP, and GILBERTSON, JJ., concur.