PER CURIAM.
The trial court summarily denied appellant’s motion for posteonviction relief that was filed pursuant to Florida Rule of Criminal Procedure 3.850. In the motion, appellant claimed that he was denied effective assistance of counsel at his jury trial where counsel failed to request a jury instruction on appellant’s right not to testify. This was a facially sufficient claim that should not have been subject to summary denial. See Simpson v. State, 479 So.2d 314 (Fla. 5th DCA 1985).
*925 The trial court seems to have concluded that it was a tactical decision of defense counsel whether or not to request the instruction, and the state has alleged that some portion of the trial transcript reflects a considered decision of counsel not to request the instruction on appellant’s right not to testify. However, when a court is confronted with a claim of ineffective assistance, a finding that some action or inaction by defense counsel was tactical is generally inappropriate without an evidentiary hearing. Robinson v. State, 637 So.2d 998, 999 (Fla. 1st DCA 1994). Moreover, the transcript relied upon by the state was not attached to the order denying relief, nor is it otherwise included in the record. Given the state’s assurances concerning the contents of the transcript, we leave to the trial court the decision whether to hold an evidentiary hearing, or to attach the referenced portion of the transcript in the event it conclusively establishes that appellant is not entitled to relief.
REVERSED and REMANDED.
MINER and LAWRENCE, JJ., and SMITH, Senior Judge, concur.