ERVIN, J.,
concurring and dissenting.
I concur -with the majority’s decision to affirm the denial of appellant’s postconviction motion as to all claims except the one addressed in the opinion, i.e., whether the trial court erred in summarily denying the claim for ineffective assistance of counsel regarding defense counsel’s failure to object and move for mistrial at the time the victim’s parents spontaneously rushed to the witness stand and escorted the victim back to her seat without the court’s permission and in full view of the jury. As to that issue, I would reverse and remand for further proceedings, because the trial court’s order and its attachments fail to show conclusively that appellant is not entitled to relief on this claim. Although the court attached documents suggesting that the issue was addressed in a post-verdict motion, it is impossible to discern whether the vague allegation in the motion, “Witness misconduct by the victim’s mother,” is the same as appellant’s allegation, which was made under oath, that the parents *520 rushed to the stand and accompanied their daughter to her seat.
With due respect to the majority, I cannot agree that appellant’s motion is legally insufficient under the rule established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellant alleged the following in his motion:
Trial counsel rendered ineffective assistance by failing to object and move for an immediate mistrial at the conclusion of the testimony of the alleged victim.... At the conclusion of the testimony of [the victim], her parents spontaneously rushed to the witness stand without permission from or request by the Court, and escorted her back to the gallery in full view of the jury. Such an emotional display should not have been permitted by the Court.... The spontaneous display of emotion by the parents served solely to garner sympathy for the alleged victim, thereby tainting the subsequent jury verdict due to the consideration of sympathy and the silent bolstering of the testimony of the alleged victim by the Court absent a timely objection and motion for mistrial. But for the omission by counsel, the trial court would have admonished the parents for violating court procedure, immediately instructed the jury to focus only upon the evidence, and/or granted the motion for mistrial.
In assessing these allegations, this court must not only consider the dictates of Strickland, but it must also consider the requirements set forth in Florida Rule of Criminal Procedure 3.850. Here, the trial court issued an order to show cause requesting the state to file a response to appellant’s motion. This action implies that the trial court found the motion facially sufficient to require a response under rule 3.850, which states: “Unless the motion, files, and records of the case conclusively show that the movant is entitled to no relief, the court shall order the state attorney to file an answer[.]”
Although this court must indulge a strong presumption that counsel’s conduct falls within the range of reasonable professional assistance, appellant has sufficiently alleged deficient performance by asserting that counsel failed to object to a highly emotional display in the jury’s presence. The parents’ conduct, if true, could have unduly bolstered the victim’s credibility. Compare People v. Adams, 19 Cal.App.4th 412, 23 Cal.Rptr.2d 512 (1993) (concluding that the presence of a support person at the witness stand while the victim testified affects the presentation of demeanor evidence by changing the dynamics of the testimonial experience); State v. Suka, 70 Haw. 472, 777 P.2d 240 (1989) (holding it was error to permit a counselor to accompany a 15-year-old witness at the witness stand). Moreover, possible prejudice caused by emotional displays in the courtroom is a proper subject of objection and instruction by the court. See, e.g., Beasley v. State, 774 So.2d 649, 669 (Fla.2000); Burns v. State, 609 So.2d 600, 604-05 (Fla.1992).
The trial court denied this claim, in part, for the reason that the lack of objection was a matter of trial tactics, and the majority appears to uphold that ruling when it states that “[s]ome lawyers might conclude that the jurors would see the parents’ emotional display for what it is, and that an objection would be out of place.” Whether an objection was wise under the circumstances is a matter of trial tactics, and this court has said that postconviction motions should not generally be denied based on tactical decisions by counsel in the absence of an evidentiary hearing. See Walker v. State, 678 So.2d 924, 925 *521 (Fla. 1st DCA 1996) (“when a court is confronted with a claim of ineffective assistance, a finding that some action or inaction by defense counsel was tactical is generally inappropriate without an eviden-tiary hearing”).
As for the prejudice prong, the majority ignores appellant’s allegations, made under oath, that the emotional display tainted the jury’s verdict due to consideration of sympathy. Although the majority might disagree, as previously stated, nothing attached to the order conclusively shows otherwise. The majority’s reliance on the standard instruction to the jury, admonishing the jurors not to decide the case based on sympathy or anger, is misplaced, because that instruction, given at the conclusion of trial, was too remote to counter the prejudicial effects of the improper emotional display occurring during the state’s case-in-chief.
In that I conclude that appellant’s motion stated a facially sufficient claim for ineffective assistance of counsel on this point, I would reverse and remand for further proceedings.